## VOTAW et al. v. STEWART. (No. 7469.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1925. Rehearing Denied Feb. 3, 1926.)

1. Venue ⊜⇒7—One sued for breach of contract to sell spinach held entitled to have cause transferred to county of his residence.

Owner of farm sued with his agent for breach of contract to sell spinach made by agent under written authority *held* entitled to have cause transferred to county of his residence, there being no allegation or proof of a contract to be performed in county where suit was brought, or evidence establishing fraud committed there.

2. Venue ⊜⇒7—Agreement to deliver thing sold in particular county is insufficient to subject seller to suit there.

Verbal agreement by seller, or his agent, to deliver spinach sold in a particular county other than that of his residence is insufficient to deprive him of his right to be sued for breach of such contract in county of his residence.

Appeal from Dimmit County Court; Wm. H. Davis, Judge.

Action by L. V. Stewart against Jack Votaw and R. E. Brooks. From judgment denying change of venue as to R. E. Brooks, defendants appeal. Reversed and rendered.

Woods, King & John, of Houston, for appellants.

Vandervoort, Johnson & Jeffrey, of Carrizo Springs, for appellee.

FLY, C. J. This is an appeal from a judgment of the county court denying a change of venue from Dimmit county to Harris county, as to R. E. Brooks, one of the parties sued in the former county.

[1] R. E. Brooks is a resident of Harris county and claimed the privilege of being sued in the county of his residence. It was shown that he owned a farm in Dimmit county, and Jack Votaw, his codefendant, was manager of the farm, with authority to sell animals and produce raised on the farm. Votaw agreed to sell certain spinach to appellee at a certain price, but afterwards sold it to another party and failed and refused to

deliver the spinach ·to appellee. He and his employer were sued for damages arising from the ·failure to deliver the spinach.

[2] Votaw undoubtedly had written authority to sell the spinach and did sell it to appellee and breached the contract. He was acting for Brooks in the matter, but neither the agent nor the principal agreed in writing to perform the contract in Dimmit county. If Brooks had agreed verbally to deliver spinach to appellee in Dimmit county, he would not thereby have deprived himself of ·the right to be sued in Harris county, and his agent acting in his place and stead could not deprive his principal, by a verbal promise, of the privilege of being sued in the county of his residence. There is no promise in any letter of Brooks intimating that he would perform any contract made by his agent in Dimmit county.

There was no partnership existing between Brooks and Votaw. The latter was only a salaried agent of the former. There was no proof of any fraud. The evidence tended to show a breach of contract upon the part of Votaw, but that did not possess any element of fraud. McCullar v. Higginbotham (Tex. Civ. App.) 118 S. W. 885.

Any discussion of a written contract might well have been pretermitted, as there is no allegation in terms of a written contract to perform in Dimmit county, found in either the petition or the controverting affidavit, and it follows that the only issue that could affect the plea of privilege was that of fraud, which, as before stated, is not sustained by the evidence.

The judgment is reversed, and it is the order of this court that the venue of the suit be changed to Harris county, and that the clerk of the county court of Dimmit county make up a transcript of all orders, including this order, made in said cause certifying to the same officially under the seal of the county court and transmit the same, with the original papers in the cause, to the clerk of the county court for civil cases of Harris county.

Reversed and rendered.